In the Matter of ANGELINA MENNELLA, as Administratrix of the Estate of ANTHONY J. MENNELLA, Deceased, Appellant, *v.* BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Respondents.

First Department, March 25, 1969.

*John Windsor* for appellant.

*Robert T. Hartmann* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for respondents.

MACKEN, J. The issue here presented is whether upon the death of her husband, an employee of the City of New York and a member of its Retirement System, petitioner became entitled to the benefits provided by section B3–32.0 of the Administrative Code of the City of New York (Code) relating to members who die while in city service or the substantially greater benefits payable under section B3–46.0 upon death of a retired member.

Following accidental injury sustained July 25, 1966 in the course of his employment as a uniformed sanitation worker, Anthony Mennella on February 6, 1967 applied for accident disability retirement in accordance with section B3–40.0 of the Code which provides: " Medical examination of a member in city-service for accident disability and investigation of all statements and certifications by him or on his behalf in connection therewith shall be made upon the application of the head of the agency in which the member is employed, or upon the application of a member or of a person acting in his behalf, stating that such member is physically or mentally incapacitated for the performance of city-service, as a natural and proximate result of such city-service, and certifying the time, place and conditions of such city-service performed by such member resulting in such alleged disability and that such alleged disability was not the result of wilful negligence on the part of such member and that such member should, therefore, be retired. * * * If such medical examination and investigation shows * * * that such member should be retired, the medical board shall so certify to the board [Board of Estimate] stating the time, place and conditions of such city-service performed by such member resulting in such disability, and *such board shall retire such member for accident disability forthwith.*" (Emphasis supplied.)

On March 30, 1967 the Medical Board certified to the Board of Estimate (Board) that Mennella should be so retired. By letter dated April 5, 1967 the Board informed him:

" A resolution proposing your accident disability retirement to take effect May 7, 1967 will be presented to the Board of Estimate at its meeting to be held May 18, 1967. * * *

" Your pension will be in suspense for the period subsequent to May 7, 1967 during which you will be carried on the department payroll with pay." On April 7 Mennella wrote to the Commissioner of the Department of Sanitation: " I am a sanitation man assigned to Dist. 30. I have been retired on accident disability effective May 7, 1967.

" I respectfully request my terminal leave time owed and vacation, including pro-rata premium." By letter dated April 17 the Chief of the Bureau of Administration Services wrote: " Commissioner Kearing has granted your request for terminal leave.

" You will be permitted a leave with pay for two (2) months and nine (9) days starting May 21, 1967, to and ending July 29, 1967.

" The New York City Employees Retirement System will be notified to suspend your Accident Disability Retirement Allowance from May 7, 1967 the date of retirement to the last day of terminal leave July 29, 1967. The retirement allowance will be resumed July 30, 1967." At a meeting held April 20 the Board adopted the following resolution: " RESOLVED, That the Board of Estimate, pursuant to the provisions of law, does hereby retire the said Anthony J. Mennella, Sanitation Man, Department of Sanitation, from City-service, effective May 7, 1967, on account of accident disability, subject to later determination and fixation of the amount of accident disability retirement allowance." Mennella died April 24, 1967 of causes unrelated to his occupation. In the meantime, at the suggestion of the Retirement System and on April 17, 1967, he had executed and filed a " Selection of Benefits under Option One " (§ B3-46.0 of the Code) on a form furnished and completed by the Retirement System in which the date of retirement was stated to be May 7.

Following his death, the Board awarded petitioner the so-called " ordinary death benefits " payable in the event of death of a member of the Retirement System while in city service. Petitioner has refused to accept the latter and by this proceeding asks that the determination of the Board be annulled; that it be directed to retire Mennella as of March 30, 1967, the date of certification by the Medical Board, and that it award her the benefits provided by the Code in event of death of a retired member of the system. Appellant contends that the language of the Code providing for " forthwith " retire-

ment required that Mennella be retired as of March 30, 1967, the date of certification by the Medical Board or, in any event, no later than April 20, the date upon which the Board undertook to act.

Respondents' position is summarized by the following quotation from their brief:

" Pursuant to Section B3–40.0 of the Administrative Code, a member of the New York City Retirement System retiring on accident disability is entitled to prompt retirement by resolution of the Board of Estimate once the Medical Board certifies the disability. *It is not disputed that, had Mr. Mennella requested prompt retirement, he would have been entitled to the disability retirement as soon as the Board of Estimate was able to pass a resolution effectuating the retirement.* (Emphasis supplied.)

" This record indicates that the decedent was not seeking a prompt retirement. He requested and accepted a somewhat later retirement date to take advantage of the benefits of continued service at full pay."

The application was for retirement in accordance with the provisions of the Code and no provision of the Code required him to request a prompt retirement or gave him an option of a prompt or delayed retirement. It thus seems conceded that unless some conduct on his part permitted otherwise, Mennella was entitled to be retired as of a date no later than April 20, 1967.

The Special Term decision said: " deferral of the decedent's retirement was not only ordered by respondents but sought and accepted by decedent who received benefits thereby ". The Board ordered that the retirement be effective May 7, 1967 but the record does not support the conclusion that such was *sought* by Mennella or in any way influenced by him. When, on April 7, he requested terminal leave time accrued, and accrued vacation time, he had already been *told* by the Board that he would be retired as of May 7 and it is apparent that his request of April 7 had nothing to do with the choice of that date. It is also obvious that the retirement date had no relationship to the proposed suspension of pension payments during the time allowed for vacation pay and terminal leave. That this time allowance was not motivated by Mennella's letter of April 7 but had already been anticipated by the Board may be inferred from the statement in its letter of April 5 that " Your pension will be in suspense for the period subsequent to May 7, 1967 during which you will be carried on the department payroll with pay ", and we find it quite difficult to believe that Men-

nella's simple note brought about any substantial change in already established procedures.

In this connection, respondents' brief, after referring to "a practice of granting terminal leave after retirement, suspending retirement allowance payments for the period of the terminal leave", goes on to say: "There are, however, grave doubts, as we shall show, whether this practice was legal and proper." No claim is made that the proposed payment suspension, legal or otherwise, extended the effective date of retirement and respondents' position rests on the assertion that the May 7 date was validly set.

It certainly may not be said that by the reference to May 7 as the date of his retirement in his letter of April 7 and in his selection of option, this sanitation worker knowledgeably consented that the Board of Estimate disregard the directive of the Code that he be retired forthwith. As a matter of fact, the date was set in reliance upon rule 42 of the Rules and Regulations of the Bureau of Retirement and Pensions which provided as follows: "Service retirement, ordinary disability retirement, and accident disability retirement, shall take effect on a date not less than thirty days nor more than ninety days after the date of filing of application for retirement with the Board of Estimate while in city-service". May 7 was the 19th day after the application. The 30- and 90-day provisions of the rule were taken verbatim from section B3–39.0 of the Code concerning retirement for ordinary disability, and to the extent that it was inconsistent with the Code provision for forthwith retirement for accident disability the rule was ineffective. "A mere rule must give way to an act of the Legislature" (*Matter of Eberle v. LaGuardia*, 285 N. Y. 247, 253).

While it may well be that by deferring his retirement until what it considered the latest date permissible under rule 42, the Board intended to benefit Mennella, we find no evidence that such action was at his request. In any event, in our opinion neither Mennella nor the Board was empowered to alter the clearly stated provision of the Code that upon certification by the Medical Board the Board of Estimate "shall retire such member for accident disability forthwith". It has been suggested that the "forthwith" provision of the statute was for the benefit of the retiree and might be waived by him. The Code, however, provides that the application for such retirement may be made by the employee or by his superior and it may be asserted with equal force that the purpose of directing forthwith retirement was to remove from the payroll employees physically unable to perform their duties, greater benefits

having been provided for accident disability retirees than for those retired for ordinary disability.

We conclude that Mennella should have been retired prior to his death. The "forthwith" directive of the Code was related to the time of certification by the Medical Board rather than when the Board of Estimate might find it possible or convenient to meet. Once the Medical Board had determined his retirement eligibility, the action of the Board of Estimate was essentially ministerial. (44 N. Y. Jur. Pensions and Retirement Systems, § 154, p. 512, n. 7.) Its letter of April 15 stating that it proposed to retire Mennella as of May 7 at a meeting to be held May 18 indicates that the Board considered itself empowered to retire him retroactively. By its resolution of April 20 the Board retired Mennella "from city-service" effective May 7. We hold that he should have been so retired effective March 31 and that at the time of his death he was not in city service within the purview of section B3–32.0 of the Code providing for ordinary death benefits.

The judgment should be reversed on the law and facts without costs and judgment entered annulling the determination of the Board of Estimate awarding petitioner death benefits as provided by section B3–32.0 of the Administrative Code, and directing it to retire Anthony Mennella as of March 31, 1967 and award petitioner the benefits provided by Option One of section B3–46.0 of the Administrative Code. The appeal from the order denying petitioner's motion for discovery is dismissed as academic.

McGivern and Markewich, JJ., concur with Macken, J.; Stevens, P. J., and Capozzoli, J., dissent and vote to affirm for the reasons stated in the opinion of the court below.

Judgment reversed on the law and the facts, without costs and without disbursements, and judgment entered annulling the determination of the Board of Estimate awarding petitioner death benefits as provided by section B3–32.0 of the Administrative Code, and the Board of Estimate is directed to retire Anthony Mennella as of March 31, 1967 and award petitioner the benefits provided by Option One of Section B3–46.0 of the Administrative Code. The Clerk is directed to enter judgment in favor of the petitioner accordingly. The appeal from the order denying petitioner's motion for discovery is dismissed as academic.